**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DOUGLAS SKINNER,

      Petitioner,

v.                                        Case No. 05-CV-73632-DT

TIM LUOMA,

      Respondent,

_____/

### ORDER OF SUMMARY DISMISSAL

Douglas Skinner, ("Petitioner"), presently incarcerated at the Marquette Branch Prison in Marquette, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for assault with intent to murder,[1] armed robbery,[2] possession of a firearm in the commission of a felony,[3] and being a third-felony habitual offender.[4] Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons

_____

[1] Mich. Comp. Laws § 750.83; Mich. Stat. Ann. 28.278.

[2] Mich. Comp. Laws § 750.529; Mich. Stat. Ann. 28.797.

[3] Mich. Comp. Laws § 750.227b; Mich. Stat. Ann. 28.424(2).

[4] Mich. Comp. Laws § 769.11; Mich. Stat. Ann. 28.1083.

1

stated below, the petition for writ of habeas corpus will be summarily dismissed pursuant to 28 U.S.C. § 2244(d)(1).

## I.  BACKGROUND

Petitioner was convicted of the above-offenses following a jury trial in the Genesee County Circuit Court.  Petitioner's direct appeals with the Michigan courts ended on February 25, 1994, when the Michigan Supreme Court denied Petitioner leave to appeal after the Michigan Court of Appeals affirmed his conviction.  *People v. Skinner,* 514 N. W. 2d 770 (Mich. 1994).

On July 21, 1994, Petitioner filed a petition for writ of habeas corpus with the United States District Court for the Western District of Michigan, in which he challenged these convictions.  On October 28, 1996, the petition for writ of habeas corpus was dismissed without prejudice, because Petitioner had failed to exhaust his state court remedies.  *See Skinner v. Toombs,* U.S.D.C. No. 1:94-CV-00488 (W.D. Mich. October 28, 1996 (Gibson, J.).[5]

On November 20, 2001, Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*  The motion was denied on June 3, 2002.  *People v. Skinner,* No. 89-41774-FC (Genesee County Circuit Court, June 3, 2002).  The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal pursuant to M.C.R. 7.201(B)(3) and 7.216(A)(1), based upon Petitioner's failure to

---

[5]  Respondent contends that the prior petition was dismissed without prejudice on October 25 and 29, 1996.  However, the PACER system, of which this court is entitled to take judicial notice, *see Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003), indicates that the dismissal was on October 28, 1996.  This minor discrepancy does not affect the resolution of the motion for summary judgment.

2

pursue the case in conformity to the court rules. *People v. Skinner,* No. 248758 (Mich.

Ct. App. October 1, 2003). Petitioner filed an untimely motion for reconsideration, which

was denied. *People v. Skinner,* No. 251669 (Mich. Ct. App. January 26, 2004). The

Michigan Supreme Court denied Petitioner leave to appeal on October 24, 2004. *People

v. Skinner,* 688 N.W. 2d 88 (Mich. 2004). The instant petition was signed and dated

September 15, 2005.[6]

## II.  STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir.

2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the

non-moving party must set forth specific facts sufficient to show that a reasonable

factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to

habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich.

2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed

into law on April 24, 1996, amended the habeas corpus statute in several respects, one

of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. §

2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

---

[6]  Under the prison mailbox rule, the court will assume that Petitioner actually
filed his habeas petition on September 15, 2005, the date that it was signed and dated.
*See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

3

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
    (C)  the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations.  *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich 2002).

### III.  DISCUSSION

In the present case, the direct appeal of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's application for leave to appeal on February 25, 1994.  Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one year limitations period, on the date that the 90 day time period for seeking certiorari with the United States Supreme Court expired.  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  Petitioner's judgment therefore became final on May 26, 1994, when he failed to file a petition for writ of certiorari with the United States Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). However, because Petitioner's conviction became final prior to the April 24, 1996

4

enactment date of the AEDPA, Petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.

The court recognizes that Petitioner filed a petition for writ of habeas corpus with the federal district court on July 21, 1994. This petition was dismissed without prejudice on October 28, 1996, to permit Petitioner to return to the state courts to exhaust his claims. Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period, *see Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002) (citing *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)).

5

In this case, however, Petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court, so as to delay the commencement of the one year limitations period.  Petitioner filed his motion for relief from judgment with the Genesee County Circuit Court on November 20, 2001, over five years after his first petition for writ of habeas corpus was dismissed without prejudice. Because Petitioner waited more than thirty days following the dismissal of his first habeas petition to return to the state courts to initiate post-conviction proceedings, he is not entitled to equitable tolling of the limitations period.  Moreover, post-conviction review was concluded when the Michigan Supreme Court denied Petitioner's application for leave to appeal on October 24, 2004.  Petitioner did not file the instant petition with this court until almost eleven months had elapsed from this date.  Because Petitioner did not re-file this habeas petition within thirty days of the conclusion of post-conviction review in this case, he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. *Palmer,* 276 F.3d at 781-82; *see also Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003).

Petitioner's conviction thus became final, for purposes of commencing the limitations period, on April 24, 1996, when the grace period for the one year limitations period began to run.  Petitioner had until April 24, 1997 to timely file his petition for writ of habeas corpus, unless the one year limitations period was somehow tolled.

Petitioner filed his post-conviction motion with the state courts on November 20, 2001, after the one year limitations period had expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled.

6

*See Hargrove v. Brigano*, 300 F.3d 717, 718, n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Therefore, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F.3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010.

Petitioner first contends that the limitations period should be tolled, because he needed the assistance of a fellow prisoner to help him prepare the appeal from the denial of his post-conviction motion, due to Petitioner's own literacy problems. Petitioner claims that although this prisoner claimed to be proficient in court procedures, "mayhem ensued from Circuit Court to the Appellate Courts." (Pet.'s 4/28/06 Am. Rebuttal at 2.) Petitioner does not elaborate upon this allegation.

The court rejects this as a basis for equitable tolling for two reasons. First, as another federal judge has commented: "[I]t is common for prisoners to count on other inmates for assistance in filing lawsuits or seeking habeas relief." *Henderson v. Johnson,* 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998). "[I]nmates who assist other prisoners with legal matters are not subject to the ethical and fiduciary obligations of

7

lawyers.  If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless." *Id.*

Secondly, by the time that Petitioner sought to appeal the denial of his post-conviction motion, the one year limitations period had already expired.  "[E]quitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim."  *Lewis v. United Air Lines, Inc.,* 117 F. Supp. 2d 434, 441 (D.N.J. 2000).  Therefore, any mishandling of Petitioner's post-conviction appeal by this fellow prisoner would not extend the limitations period.

Petitioner's primary contention, however, is that the limitations period should be tolled because he is actually innocent of the crimes for which he was convicted.

The Sixth Circuit held that the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F.3d 577, 599-600 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id.* at 590 (quoting *Schlup* 513 U.S. at 327).  For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324; *Souter,* 395 F.3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F.3d at 590 (quoting *Bousley v. United States*,

8

523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"  *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner first contends that he is actually innocent, because the complaining witness' identification of him as her assailant was equivocal.  At trial, the complainant acknowledged that she had difficulty positively identifying petitioner as her assailant at the preliminary examination, but indicated that she was now confidant that Petitioner was the shooter and therefore had no doubts as to her identification.  (Tr., pp. 164-66). The complainant was cross-examined extensively about her previous inability to positively identify Petitioner at the preliminary examination, but again insisted that she was now positive as to her identification.  (*Id.* at pp. 176-202).  The complainant again positively identified Petitioner on re-direct examination.  (*Id.* at p. 210).

The complainant's in-court identification of Petitioner as her assailant was positive and unequivocal.  The complainant was cross-examined extensively about any problems with her identification and nevertheless positively identified Petitioner several times as her assailant.  Because the victim identified Petitioner at trial as her assailant and indicated that there was no mistake in her identification, Petitioner has failed to establish that a miscarriage of justice has occurred in this case.  *See e.g. Thompson v. Elo,* 919 F. Supp. 1077, 1085 (E.D. Mich. 1996)*; overruled on other grounds, Rogers v. Howe,* 144 F.3d 990, 994, n. 5 (6th Cir. 1998).

Petitioner also claims that the testimony of prosecution witness David Carswell is questionable, because he was a drug addict and was arrested for an unrelated offense.

9

Petitioner contends that Carswell's testimony is suspect, because he surmises that he must have been offered some sort of plea agreement to testify.

Petitioner, however, has presented no evidence that Carswell had an actual agreement with the prosecutor that he would receive leniency in exchange for his testimony.  An unsubstantiated claim of actual innocence is an insufficient gateway for a habeas court to excuse the untimely filing of a habeas petition.  *See United States ex. rel. Caffey v. Briley,* 266 F. Supp. 2d 789, 794 (N.D. Ill. 2003).  In any event, a habeas petitioner's renewed attacks on a witness' credibility are insufficient to establish actual innocence for the purposes of excusing a procedural bar.  *See In Re Byrd,* 269 F.3d 561, 577 (6th Cir. 2001) (citing *Clark v. Lewis*, 1 F.3d 814, 824 (9th Cir. 1993) (allegation that prosecution witness could have been impeached by allegedly withheld evidence did not constitute a credible claim of "actual innocence" sufficient to show that the petitioner was actually innocent of the death penalty).

Petitioner further claims that he is actually innocent, because he testified at his trial that he was elsewhere at the time of the shooting and suffered from a back injury which made it impossible for him to jump over the counter at the motel where the shooting took place, as the complainant had testified.  Petitioner also presented testimony from his treating doctor to support his claim that he suffered from a back injury.  The jury, however, considered this testimony at trial and rejected it, finding Petitioner guilty.  A petitioner cannot establish his actual innocence "merely by rehashing his innocence claims raised in the state courts" and relying on the evidence that was presented at trial. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 808 (E.D. Mich. 2002).

10

Accordingly, the court finds that Petitioner is not entitled to equitable tolling, and his petition is therefore time-barred.

### III. CONCLUSION

IT IS ORDERED that Respondent's motion for summary judgment [Dkt. # 8] is GRANTED.

IT IS ALSO ORDERED that Petitioner's habeas petition [Dkt. # 1] is DISMISSED as time-barred pursuant to 28 U.S.C. § 2244(d)(1).

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 17, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 17, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522